UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KIMBERLANA ELKINS

CIVIL ACTION

VERSUS

NO. 18-1035-JWD-EWD

JOE EDWARD BRADSHAW AND
GEICO CASUALTY INSUANCE COMPANY

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 24, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KIMBERLANA ELKINS

CIVIL ACTION

VERSUS

NO. 18-1035-JWD-EWD

JOE EDWARD BRADSHAW AND
GEICO CASUALTY INSUANCE COMPANY

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand[1] filed by plaintiff, Kimberlana Elkins ("Plaintiff"). Defendant, Geico Casualty Insurance Company ("Geico"), has filed an Opposition.[2] For the reasons set forth herein, the undersigned recommends[3] that the Motion to Remand[4] be denied.

In the event this recommendation is adopted, the undersigned further recommends that this matter be referred to the undersigned for a scheduling conference.

### I.    Background

Plaintiff filed a Petition for Damages (the "Petition") in state court on February 20, 2018 against Geico and Joe Edward Bradshaw for injuries allegedly sustained in a March 31, 2017 automobile accident.[5] Per her Petition, Plaintiff seeks damages for, *inter alia*, "bodily injuries," "mental anguish and distress," "medical expenses," "pharmaceutical expenses," "loss of income/wages," "apprehension of insufficient medical attention to his [sic] injury," "inconvenience," "fear and fright," "embarrassment, humiliation, and aggravation," and "loss of

---

[1] R. Doc. 2.

[2] R. Doc. 3.

[3] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

[4] R. Doc. 2.

[5] R. Doc. 1-2.

ability to participate in normal activities."[6]  There is no specific information in the Petition regarding Plaintiff's particular injuries, nor does the Petition include any information regarding the amount of Plaintiff's medical expenses or lost wages.

On November 26, 2018, Geico filed a Notice of Removal asserting that this Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[7]  Although the parties appear to be completely diverse,[8] and Plaintiff agrees that the amount in controversy likely exceeds $75,000 exclusive of interest and costs,[9] Plaintiff asserts that Geico's removal was untimely and therefore remand is appropriate.

## II.   Law and Analysis

### A.  The Notice of Removal is Timely

The time limits for filing a notice of removal, which are provided in the removal procedure rules of 28 U.S.C. § 1446, are as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> …
>
> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading,

---

[6] R. Doc. 1-2, ¶ 7.

[7] R. Doc. 1.

[8] Per the Petition, Plaintiff is alleged to be a domiciliary of Louisiana.  R. Doc. 1-2, ¶ 2.  Geico alleges in the Notice of Removal that it is "a foreign corporation incorporated in the State of Maryland, with its principal place of business in Washington, DC" and that Bradshaw "is a citizen and domiciliary of the County of Fulton, State of Kentucky."  R. Doc. 1, ¶ 6.

[9] *See*, R. Doc. 2-1, p. 3 (wherein Plaintiff "does not contest" that "the amount in controversy is in excess of the requisite $75,000.00…").

2

> motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.[10]

With respect to the 30-day period from the defendant's receipt of the initial pleading, the Fifth Circuit has provided a bright line rule that "the thirty-day removal period under the first paragraph is triggered only where the initial pleading '*affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'"[11]  If a plaintiff wants the 30-day period to run from the defendant's receipt of the initial pleading, a plaintiff should place in that pleading "a specific allegation that damages are in excess of the federal jurisdictional amount."[12]  The initial pleading in this action does not contain a specific allegation that damages are in excess of the federal jurisdictional amount.  Accordingly, the 30-day period for removing the action was not triggered by service of the initial pleading.

With respect to triggering the 30-day time period from defendant's receipt "of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," as provided in § 1446(b)(3), the Fifth Circuit has held that the 30-day removal period is triggered only where jurisdiction is "unequivocally clear and certain"

---

[10] 28 U.S.C. § 1446(b)(1) & (b)(3).

[11] *Mumfrey v. Powermatic, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added by *Mumfrey*)).

[12] *Chapman*, 969 F.2d at 163.  Such a statement would provide notice to defendants that the removal clock had been triggered, but would not run afoul of state laws, such as Louisiana, that prohibit pleading unliquidated damage amounts.  *See*, La. C.C.P. art. 893.  In *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210 (5th Cir. 2002), the Fifth Circuit addressed *Chapman* and suggested, in dicta, that specific damage estimates in the initial pleading that are less than the minimum jurisdictional amount can be combined with other unspecified damage claims to trigger the time limit for filing the notice of removal.  In *Mumfrey*, a subsequent panel criticized this portion of *Bosky*, questioned the authority upon which it relied, and noted that if there is a conflict between *Chapman* and *Bosky*, *Chapman* controls as the earlier opinion.  *Mumfrey*, 719 F.3d at 400 (characterizing this portion of *Bosky* as "a line that has become the source of significant confusion").  *See*, *Clark v. Dolgencorp*, No. 13-2336, 2014 WL 458220, *3 (W.D. La. Feb. 4, 2014) ("*Mumfrey* expressly rejected the dicta in *Bosky* that was the cause of confusion and instead reiterated that the 'bright line rule' set forth in *Chapman* applies").

3

from the document.[13] This Court has explained that the "standard for triggering removal upon a subsequent 'amended pleading, motion, order, or other paper,' as provided in § 1446(b)(3), is at least as strict as the standard for triggering the 30 day period for removal based on an initial pleading, as provided in § 1446(b)(1)."[14]

Geico contends that its Notice of Removal was timely filed within thirty days of Plaintiff's October 29, 2018 deposition, wherein Plaintiff "testified that she was a surgical candidate for both her cervical and lumbar spine as a result of the complaints allegedly arising from the subject accident."[15] Plaintiff argues that Geico's removal was untimely because Geico "had objective notice that the amount in controversy exceeded $75,000.00" based on (1) an August 24, 2017 settlement demand and accompanying production of 65 pages of medical records and (2) a June 14, 2018 medical release whereby Geico was able to obtain Plaintiff's medical records.[16] As discussed herein, neither Plaintiff's August 24, 2017 settlement demand nor her production of medical records or a medical release meet the "unequivocally clear and certain" standard such that the 30-day removal period of § 1446(b)(3) was triggered.

As to Plaintiff's August 24, 2017 settlement demand and accompanying production of medical records, the Fifth Circuit has held that § 1446(b)(3) "requires that if an 'other paper' is to start the thirty-day time period, a defendant must receive the 'other paper' after receiving the initial pleading."[17] In *Chapman*, the Fifth Circuit found that defendant's removal was timely because

---

[13] *See*, *Bosky*, 288 F.3d at 211 ("information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b).").

[14] *Daniel v. Lowe's Home Centers, LLC*, Civil Action No. 16-374, 2016 WL 6562073, at * 4 (M.D. La. Oct. 11, 2016), *report and recommendation adopted*, 2016 WL 6561565 (Nov. 1, 2016).

[15] R. Doc. 1, ¶ 3. As an exhibit attached to the Notice of Removal, Geico attaches a transcript of Plaintiff's deposition testimony wherein Plaintiff discusses neck and back surgical recommendations. R. Doc. 1-4.

[16] R. Doc. 2, p. 1.

[17] *Chapman*, 969 F.2d at 164.

the initial pleading did not reveal on its face that the amount in controversy required for federal diversity jurisdiction was met, and because medical bills and a demand letter received *prior* to defendant's receipt of the initial pleading did not trigger the second 30-day period.[18] Here, Plaintiff did not file her suit until February 20, 2018,[19] therefore the August 24, 2017 settlement demand and medical records provided before suit was filed were not "other papers" that could trigger the 30-day period of § 1446(b)(3).

Moreover, even assuming *arguendo* that such a pre-suit correspondence could be considered in the context of a timeliness analysis pursuant to § 1446(b)(3), the August 24, 2017 letter only demands "policy limits" without any assertion of what such limits are or whether any amounts have already been paid under the policy.[20] Accordingly, the demand letter does not satisfy the "unequivocally clear and certain" standard even if it had been issued following the filing of the initial pleading. Likewise, as to Plaintiff providing medical records and a medical release, "if a defendant has to analyze and dissect medical treatment records to divine whether the nature and cause of a plaintiff's injuries satisfy the amount in controversy requirement, then those papers do not suffice to trigger the 30 day time period."[21] "Relatedly, if a defendant has to conduct

---

[18] *Id*. *See also*, *Anderson v. Kesler*, Civil Action No. 16-15740, 2017 WL 344282, at * 3 (E.D. La. Jan. 1, 2017) ("A settlement demand may be considered 'other paper,' but to trigger the thirty-day timer for removal, the settlement demand must be received after the initial pleading. Plaintiff's initial pleading was filed on July 8, 2016, well after her May 26, 2016 settlement demand. Therefore, any knowledge Defendant had of Plaintiff's damages from this demand do [sic] not serve to trigger the thirty-day time for removal.") (citations omitted); *Hiles v. Wal-Mart Stores East, LP*, 618 F. Supp. 2d 565, 567 (S.D. Miss. 2009) ("The 'settlement brochure' sent by plaintiff to Wal–Mart three months before suit was filed does not constitute 'other paper' that would trigger the thirty-day removal period under § 1446(b), which the Fifth Circuit has held applies only to an 'other paper' received after the initial pleading is filed.") (*citing Chapman*).

[19] R. Doc. 1-2.

[20] R. Doc. 2-2.

[21] *Chandler v. Ruston Louisiana Hospital Co., LLC*, 3:14CV121, 2014 WL 1096365, at * 5 (W.D. La. March 19, 2014). *See also*, *Daniel*, 2016 WL 6562073, at * 4 ("'Other paper describing injuries and other damages that seem likely to exceed the amount in controversy requirement, but which do not show unequivocally that the requirement is met, are insufficient to trigger the removal clock.'") (quoting *Darensburg v. NGM, Ins. Co.*, No. 14-1391, 2014 WL 4072128, at * 2 (E.D. La. Aug. 13, 2014)).

5

independent research by consulting 'quantum books,' then the discovery responses are not sufficiently unequivocally clear and certain to trigger the 30-day removal period."[22] This is not a case where a plaintiff "affirmatively stated in an amended pleading or other paper that [her] damages exceeded the jurisdictional requirement, thus triggering the 30-day period for removal pursuant to § 1446(b)(3)."[23] Instead, Plaintiff argues that the severity of her injuries as reflected in her medical records "unequivocally places the amount in controversy well in excess of $75,000.00."[24] This Court has consistently held that the 30-day removal deadline of § 1446(b)(3) is not triggered where a defendant must parse medical records and rely on case law to support its position that the amount in controversy exceeds $75,000.00.[25]

---

[22] *Chandler*, 2014 WL 1096365, at * 5 (citing *Cole ex rel. Ellis v. Knowledge Learning Corp.*, 416 Fed. Appx. 437, 440 (5th Cir. 2011) (unpubl.)).

[23] *Scott v. Office Depot, Inc.*, Civil Action No. 14-791, 2015 WL 2137458, at * 5 (M.D. La. May 7, 2015) (finding neither plaintiff's discovery responses nor deposition testimony triggered the deadline to remove) (citing *Mumfrey*, 719 F.3d at 400) (timing rule triggered where Amended Petition sought $3,575,000 in damages)); *Daniel*, 2016 WL 6562073, at * 4 (same).

[24] R. Doc. 2-1, p. 3. Whether Geico can meet its burden of establishing, by a preponderance, that the amount in controversy in this suit exceeds the jurisdictional threshold is a separate question from whether an "other paper" (received after Geico's receipt of the initial pleading) was "unequivocally clear and certain" as to trigger the 30-day deadline to remove provided in § 1446(b)(3). *See*, *Daniel*, 2016 WL 6562073, at * 5, n. 5 (noting that while none of the discovery responses or deposition testimony triggered the 30-day period of § 1446(b)(3), plaintiff's injuries and treatment (including a scheduled lumbar fusion surgery) satisfied the amount in controversy requirement) (collecting cases); *Chandler*, 2014 WL 1096365m at * 6 (finding that plaintiff's discovery responses, wherein plaintiff claimed, *inter alia*, injuries to her knee, leg, back, and neck and that she would likely require knee surgery were sufficient to meet defendants' burden of establishing by a preponderance that the amount in controversy exceeded the jurisdictional minimum but that none of the documents relied upon triggered the 30-day deadline of § 1446(b)(3) because such documents did not meet the "unequivocally clear and certain" standard). Plaintiff concedes that the amount in controversy requirement for federal subject matter jurisdiction is met here, and Plaintiff's testimony regarding recommendations for multiple surgeries is sufficient to meet Geico's burden. *See*, *Thomas*, 2016 WL 1317937, at * 4-6 (recognizing that "'[w]hether or not a herniated disc satisfied the amount in controversy often turns on whether surgery is recommended,'" but finding amount in controversy met despite lack of surgery recommendation where plaintiff had $26,637.57 in past medical expenses, suffered post-concussive syndrome with headaches, and plaintiff acknowledged he believed the amount in controversy was satisfied) (internal citation omitted). A removing defendant who can establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold may remove even though the 30-day deadline set out in § 1446(b)(3) is not yet triggered. *See*, *Chandler*, 2014 WL 1096365, at * 6 ("Section 1446 'does not say anything about removals that occur too soon.' If, before the 30-day clock starts, a defendant can demonstrate by a preponderance of the evidence that the jurisdictional threshold is met, he or she may remove without being required to 'unlock' the 30-day window by presenting 'unequivocally clear and certain' evidence.") (quoting *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572, 576 (S.D. Ala. 1986)).

[25] *See*, *Daniel*, 2016 WL 6562073, at * 5 (finding time period in § 1446(b)(3) was not triggered by plaintiff's discovery responses or plaintiff's representation that she was going to have lumbar surgery) (citing *Bosky*, 288 F.3d at 210; *Smith*

6

With respect to the timeliness of Geico's removal, there is nothing in the Petition to trigger the 30-day period of 28 U.S.C. § 1446(b)(1) and neither Plaintiff's pre-suit "policy limits" demand nor Plaintiff's submission of medical records or a medical release triggered the 30-day deadline set forth in § 1446(b)(3).[26] Accordingly, Geico's removal was timely and the Motion to Remand should be denied.

### B. Plaintiff's Request for Fees and Costs Should Be Denied

In addition to remand, Plaintiff also requests "costs and attorney fees as provided by law."[27] Section 1447(c) provides, in pertinent part, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[28] Because the undersigned recommends that the Motion to Remand be denied, the undersigned also recommends that Plaintiff's request for fees and costs pursuant to 28 U.S.C. § 1447(c) be denied.

---

*v. Wal-Mart Louisiana, LLC*, No. 13-2368, 2013 WL 4781778 (W.D. La. Sept. 5, 2013) (rejecting plaintiff's contention that recommendation for cervical disc surgery triggered the second 30-day removal period); *Scott*, 2015 WL 2137458, at * 5 (finding plaintiff's medical records and deposition testimony did not make it unequivocally clear and certain that the amount in controversy requirement is satisfied and explaining that "[d]efendants would have to speculate or conduct their own additional investigation, as highlighted by the competing 'quantum' cases submitted by both parties, to determine whether the amount in controversy requirement was satisfied…."). *See also*, *Hoffman v. Oyeket*, Civil Action No. 17-4058, 2017 WL 2963226, at * 3 (E.D. La. July 12, 2017) (remanding suit where there was no "clear and certain 'other paper' showing over $75,000 is in controversy" and noting "'[o]ther papers describing injuries and other damages that seem likely to exceed the amount in controversy requirement, but not showing unequivocally that the requirement is met, are insufficient to trigger the removal clock.'") (quoting *Green v. Geico Ins. Co.*, No. 15-3968, 2015 WL 5971760, at * 3 (E.D. La. Oct. 14, 2015)).

[26] Although Plaintiff argues that "the defendant possessed the plaintiff's medical release authorizations and were (sic) able to obtain medical records since June 2018," R. Doc. 2-1, p. 3, Plaintiff does not explain how providing a medical release triggered the 30-day removal deadline. As explained herein, the 30-day removal deadline is not triggered by providing medical records that must be reviewed to determine the amount in controversy. *See*, *supra*, n. 21. If medical records themselves are not enough, authorizations allowing a party to obtain medical records are likewise insufficient to trigger the 30-day removal deadline of § 1446(b)(3).

[27] R. Doc. 2, ¶ 6.

[28] 28 U.S.C. § 1447(c).

7

### III.    Recommendation

For the reasons set forth herein, the undersigned finds that the removal was timely and therefore **RECOMMENDS** that the Motion to Remand[29] be **DENIED**.  The undersigned further **RECOMMENDS** that Plaintiff's request for fees and costs pursuant to 28 U.S.C. § 1447(c) be **DENIED**.

In the event this recommendation is adopted, the undersigned **FURTHER RECOMMENDS** that this matter be referred to the undersigned for a scheduling conference.

Signed in Baton Rouge, Louisiana, on April 24, 2019.

                                                       **ERIN WILDER-DOOMES**
                                                       **UNITED STATES MAGISTRATE JUDGE**

---

[29] R. Doc. 2.