# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

KIMBERLANA ELKINS

VERSUS

JOE EDWARD BRADSHAW, ET AL.

CIVIL ACTION

NO. 18-1035-JWD-EWD

## RULING AND ORDER

This matter comes before the Court on the *Motion for Partial Summary Judgment* (Doc. 4) filed by Plaintiff Kimberlana Elkins ("Plaintiff"). Defendant GEICO Casualty Company ("Defendant") opposes the motion. (Doc. 6.) Plaintiff filed a reply (Doc. 12), and Defendant filed a surreply (Doc. 14). Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Plaintiff's motion is denied.

## I. Relevant Background

### A. Relevant Facts

This is a rear-end collision case. Plaintiff was the front driver, and Defendant Joe Edward Bradshaw ran into her.

The parties have presented conflicting versions of what happened. Specifically, Plaintiff testified in her deposition that she was driving when traffic came to a "dead stop." (Pl. Dep. 25, Doc. 4-3.) She stated that she saw "this truck flying behind" her so she tapped her brakes several times to signal for it to stop. (*Id.* at 25–26) She "pulled up trying to get as close as [she] could . . . to try to give him enough room as [she] could and . . .it just didn't work, so he hits" her several times. (*Id.*) She claimed the other driver apologized for what happened. (*Id.*)

Conversely, Defendant Bradshaw submitted an affidavit in which he said he was directly behind the Plaintiff's vehicle, and "[t]here were no vehicles immediately in front of the Plaintiff's vehicle in the center lane." (Def. Aff. ¶ 4, Doc. 6-1.) Defendant Bradshaw testified that, as he approached the "high rise" over the Industrial Canal on Interstate 10, "Plaintiff's vehicle was moving slowly (less than 30 miles per hour) and was not maintaining a constant speed. The Plaintiff's vehicle was continuously accelerating and decelerating for no apparent reason." (*Id.* ¶ 5.) When he "attempted to change into the right (outside) lane to pass the Plaintiff's vehicle, the Plaintiff's vehicle also moved over into the right (outside) lane directly in front of [him]." (*Id.* ¶ 6.) Defendant Bradshaw tried to change back into the center lane to pass Plaintiff's car, but Plaintiff's car also went into the center lane in front of him and "abruptly stopped," with "no vehicle directly in front of the Plaintiff's vehicle that would have caused her to abruptly stop like she did." (*Id.* ¶ 7.) Defendant Bradshaw asserts: "because of the Plaintiff' erratic driving, and abrupt stop, I was unable to stop in time to avoid striking the rear of her vehicle. (*Id.* ¶ 8.) He avers that he only hit Plaintiff's vehicle once, not three (3) times as Plaintiff claims. (*Id.* ¶ 9.) He also denies admitting fault to Plaintiff or a police officer. (*Id.* ¶ 10.)

### B. Parties' Arguments

Plaintiff seeks partial summary judgment on the issue of liability, leaving causation and quantum for another day. Plaintiff claims that Defendant Bradshaw allegedly admitted to liability. Plaintiff primarily relies on her own deposition testimony and the presumption of negligence in rear-end collision cases.

Defendant responds that (1) the motion is premature, as there is a pending motion to remand; (2) Plaintiff's deposition and exhibits are not competent summary judgment evidence because they are not certified or attached to an affidavit; (3) many of Plaintiff's statements are

irrelevant; and (4) there are genuine issues of material facts, including the fact that the rear-end collision presumption is rebuttable, either through comparative fault, the sudden emergency doctrine, or the fact that the accident was inevitable.

Plaintiff replies by submitting a video. Plaintiff asserts: "The footage captured on the police body camera may be found or determined to undermine or impeach the defendant's affidavit filed in opposition to Plaintiff's motion for summary judgment." (Doc. 12.)

Defendant replies that the video is not competent summary judgment evidence. Further, Defendant maintains that the video (which consists of the parties being interviewed by a police officer) does not contradict Defendant Bradshaw's account. According to Defendant, granting Plaintiff's motion would require a credibility call which is inappropriate for summary judgment.

## II. Relevant Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the mover bears his burden of showing that there is no genuine issue of fact, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S. Ct. 1348 (1986) (internal citations omitted). The non-mover's burden is not satisfied by "conclusory allegations, by unsubstantiated assertions, or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and internal quotations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587. Further:

In resolving the motion, the court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion.

*International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

### III. Discussion

The Court has carefully reviewed the evidence and finds that partial summary judgment on the issue of liability is not warranted. Plaintiff is correct that there is a presumption of negligence on the following driver in a rear-end collision, but that presumption is rebuttable. Specifically, this Court has explained:

> La. R.S. § 32:81(A) provides that "the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." "[W]ith regard to the following motorist, the law has established a rebuttable presumption that a following motorist who strikes a preceding motorist from the rear has breached the standard of conduct prescribed by LSA–R.S. 32:81A and is therefore liable for the accident." *Harbin v. Ward*, 2013 CA 1620, 147 So. 3d 213, 218 (La. App. 1 Cir. May 29, 2014). "However, '[t]he presumption does not in and of itself preclude an apportionment of fault to the lead driver where negligence can be shown.' In fact, '[n]otwithstanding the presumption of negligence, a favored motorist can still be assessed with comparative fault if his substandard conduct contributed to the cause of the accident. [O]nce the presumption of negligence attaches to the defendant, the ordinary rules of comparative negligence apply and, thus, a plaintiff's damages may be reduced by the degree that he was comparatively at fault.'" *Ervin v. Shelter General Ins. Co.*, Civil Action No. 14-47, 2015 WL 1757869, at * 2 (M.D. La. April 17, 2015) (citing *Matherne v. Lorraine*, 2003 CA 2369, 888 So. 2d 244, 246 (La. App. 1 Cir. Sept. 17, 2004) ("... Louisiana law does not require a following motorist to be completely free from fault before a lead motorist can be found comparatively negligent....")). *See also*, *Flores-Marin v. Osborn*, 2017 CW 0656, 2017 WL 2839143, at * 1 (La. App. 1 Cir. June 30, 2017) ("Although a legal presumption exists that a following motorist who collides into the rear end of a leading automobile is at fault, the presumption does not in and of itself preclude an apportionment of fault to the lead driver where negligence can be shown.").

*Byrd v. Norman*, No. CV 16-563-JWD-EWD, 2017 WL 5986470, at *6 (M.D. La. Nov. 14, 2017), *report and recommendation adopted sub nom. Byrd v. P&S Transportation, LLC*, No. CV 16-563-JWD-EWD, 2017 WL 5985560 (M.D. La. Dec. 1, 2017).

Here, when reviewing the record as a whole (particularly Defendant Bradshaw's affidavit (Doc. 6-1)), the Court finds that a reasonable juror could find that Defendants rebutted the presumption of negligence and that Plaintiff is contributorily negligent for the accident. The video does not change that conclusion. In short, numerous genuine issues of material fact preclude summary judgment, so Plaintiff's motion will be denied.

## IV.  Conclusion

Accordingly,

**IT IS ORDERED** that the *Motion for Partial Summary Judgment* (Doc. 4) filed by Plaintiff Kimberlana Elkins is **DENIED**.

Signed in Baton Rouge, Louisiana, on April 30, 2019.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**