UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KIMBERLANA ELKINS

VERSUS

JOE EDWARD BRADSHAW, ET AL

CIVIL ACTION

NO. 18-1035-JWD-EWD

**RULING AND ORDER**

This matter comes before the Court on the *Motion to Dismiss Pursuant to Rule 4(m)* (Doc. 158) (*Motion to Dismiss*) filed by Defendant Geico Casualty Company ("Defendant Geico"). Defendant Geico seeks dismissal of Intervenor Bayou Medical Management's *Motion to Intervene on Behalf of Bayou Medical Management, Preferred Provider Organization, LLC* (Doc. 156) (*Motion to Intervene*), due to Intervenor's alleged failure to serve Defendant Geico. (Doc. 158 at 1.) Intervenor Bayou Medical Management (BMM) filed an *Opposition to Geico's Motion to Dismiss* (Doc. 160) (*Opposition*), and Defendant Geico filed a *Reply Memorandum in Support [of] Motion to Dismiss Pursuant to Rule 4(m)* (Doc. 166).

**I.    BACKGROUND**

This matter was removed on the basis of diversity jurisdiction from the 19th Judicial District to this Court on November 26, 2018. (Doc. 1 at ¶ 1, 7.) Plaintiff Kimberlana Elkins brought suit against Defendant Geico for damages arising out of a motor vehicle accident in which Plaintiff's vehicle was allegedly struck by a vehicle operated by Defendant Joe Edward Bradshaw. (*Id.*). A jury rendered judgment in favor of Plaintiff Kimberlana Elkins October 29, 2021. (Doc. 129.) Defendants were found liable for a total sum of $129,809.96, plus legal interest from the date of judicial demand until paid. (*Id.* at 2.)  On March 1, 2023, Intervenor BMM filed a *Motion for Leave to File*, (Doc. 148), requesting permission to file a *Motion to Intervene on Behalf of Bayou Medical Management, Preferred Provider Organization, LLC*, (Doc. 148-2). The Court granted

1

the *Motion for Leave to File* on March 3, 2023. (Doc. 151.) Intervenor BMM then filed the *Motion to Intervene*, with its "Complaint of Intervention", on March 3, 2023. (Doc. 156.) In it, Intervenor BMM identifies itself as a "preferred provider organization that facilitates the provision of medical services to individuals through a network of healthcare providers, hospitals, and facilities contracted by BMM PPO." (*Id.* at ¶ 3.) It claims that Plaintiff is one of its beneficiaries, on whose behalf it pays providers. (*Id.* at ¶¶ 4–5.) Intervenor asserts that from April 2018 through August 2020, Plaintiff visited various medical providers and underwent a number of diagnostic tests, medical procedures, and physical therapy sessions related to the accident at issue in this case. (*Id.* at ¶¶ 7–14.) Intervenor asserts that it facilitated this treatment and rendered payments for this treatment, the total cost for which was $140,764.15. (*Id.* at ¶¶ 15–16.) As a result, it wishes to make a claim against the funds recoverable by Plaintiff. (*Id.* at ¶ 17.) On June 26, 2024, Defendant Geico filed the pending *Motion to Dismiss*. (Doc. 158.)

## II.    PARTIES' ARGUMENTS

Defendant Geico argues that Intervenor BMM filed its complaint of intervention on March 3, 2023, but that it has failed to effectuate proper service since doing so. (Doc. 158-1 at 1–2.) It states that "no summons has been requested by BMM, or issued by the Clerk, since the filing of the complaint, nor has any proof of service been filed with the Court as required under Rule 4(i)." (*Id.*) Defendant Geico argues that Intervenor was required to serve it with the complaint within 90 days of filing, in compliance with Rule 4 of the Federal Rules of Civil Procedure. (*Id.*)

In response, Intervenor BMM argues that it properly served its *Motion to Intervene* on Defendant Geico in compliance with Federal Rules of Civil Procedure 5 and 24. (Doc. 160 at 1.) It argues that Defendant Geico confuses a "complaint" with a "complaint in intervention," and that it therefore relies upon the wrong Federal Rule. (*Id.* at 2.) Intervenor BMM argues that the proper

2

Federal Rule in interventions is Rule 24, not Rule 4, and for the same reason, the "alleged failure to request issuance of a summons" is a not cause for dismissal because "summonses are only required when initiating a new civil proceeding[.]" (*Id.*) Similarly, Intervenor argues that "the summons requirement in Rule 4 is waived by effectuating proper electronic service under Rule 5, as all parties to this matter are already joined." (*Id.*) Intervenor argues that Rule 24 requires that service comply with Rule 5, not Rule 4, and that filing with the Court's electronic-filing system is sufficient. (*Id.* at 3.) Intervenor argues that it filed its *Motion to Intervene* in the Court's electronic-filing system, as required by the Court's local rules, and therefore provided Defendant Geico with service that complies with Rules 5 and 24 of the Federal Rules of Civil Procedure. (*Id.* at 3–5.) As a result, it argues that Defendant Geico's *Motion to Dismiss* must be denied. (*Id.* at 5.)

Defendant Geico replies that while Rule 24 provides the service rule applicable to a motion to intervene, it does not "speak to service of the Complaint of Intervention if the Motion to Intervene is granted." (Doc. 166 at 1.) Defendant argues that this intervention is "a new and separate cause of action being brought by a third-party after this matter had been tried" and therefore requires summons and service under Rule 4 of the Federal Rules. (*Id.* at 1–2.)

### III.    LEGAL STANDARDS

Rule 24 of the Federal Rules of Civil Procedure states that

> [a] motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

Fed. R. Civ. P. 24(c). Rule 5 provides for various modes of service, including

> sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served[.]

3

Fed. R. Civ. P. 5(b)(2)(E).

**IV.   ANALYSIS**

Intervenor BMM initially filed a *Motion for Leave to File* its motion to intervene. (Doc. 148.) The Court granted this motion. (Doc. 151.) Intervenor then filed, as required by Rule 24(c), its *Motion to Intervene* accompanied by a pleading setting out its claim for intervention. (Doc. 156.) Again, as required by Rule 24(c), Intervenor served the *Motion to Intervene* on the parties via the Court's electronic filing system. (Doc. 160-1.)

Defendant Geico does not dispute that this *Motion to Intervene* was served via electronic filing. (*See* Doc. 166.) Instead, it argues that a case from the Middle District of North Carolina from 1954, long before the advent of the internet—let alone the judiciary's electronic filing system—is "remarkably similar." (Doc. 166 at 2 (citing *Ruck v. Spray Cotton Mills, Inc.*, 120 F. Supp. 944 (M.D.N.C. 1954)).) In *Ruck*, the plaintiff reached a settlement with the defendant corporation without the knowledge of his attorneys, who then filed an application to withdraw as attorneys and to intervene to assert claims for attorney fees. *Ruck*, 120 F. Supp. at 945. With respect to the service of the motion to intervene, the Middle District of North Carolina found "[t]hat the purported service of the notice and motion to intervene on the plaintiff, Ruck, was ineffectual to bring him into court in this proceeding, an independent one, and failed in compliance with the Rules of Civil Procedure as set out in 24a-c, 5(a), 4(c)." *Id.* at 947. Despite finding that the intervention was an independent proceeding, which Defendant Geico relies upon, the court in *Ruck* still pointed to not only Rule 4(c) but also Rules 24 and 5, which this Court likewise relies upon. Furthermore, Defendant Geico has provided no support for its proposition within the Fifth Circuit—or within the last seventy years.

4

Indeed, this question seems to have generated remarkably little litigation over the years. Courts and litigants seem to have accepted Rule 24's requirement that process be served under Rule 5 at face value, and the leading treatises note the straightforward requirements. Wright and Miller state

> [t]he structure of Rule 5 is clear. A pleading asserting new or additional claims for relief against parties in default for failure to appear must be served on them in the manner provided for original process in Rule 4. In all other cases in which a party is represented by an attorney service is sufficient if made upon the attorney for that party in the manner set out in Rule 5(b).

7C Charles A. Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 1919 (3d ed. June 2024 Update). Wright and Miller note that there is a "possible caveat" that "[i]f an intervenor's complaint states a claim entirely independent of the original complaint and the intervenor's complaint could not have been properly served by the method used in serving the original complaint, it may well be it would be stretching Rule 5 too far to allow service of the intervenor's complaint by any method other than that required under Rule 4 for original process." *Id.* (citing *Tilley Lamp Co. v. Thacker*, 454 F.2d 805 (5th Cir. 1972) (holding that intervention where the party "did not claim an interest in the property or transaction which was the subject matter of the primary action" but instead "desired to be substituted" for the original counterclaimant "so that it could assert its California cross-claim judgments against Tilley, a party against whom it had never perfected service . . . . would plainly pervert the requirements of Rule 24")). Defendant Geico has provided no basis in law for its assertion that a PPO attempting to intervene to recover medical costs at issue in the primary action is in fact stating an entirely independent claim. (*See* Doc. 166 at 1–2.)

Similarly, Moore's Federal Practice instructs that "[t]he motion to intervene, along with the pleading, must be served on all parties in the manner required by Rule 5." 6 James Wm. Moore et al., *Moore's Federal Practice—Civil* § 24.20 (2024) (citing Fed. R. Civ. P. 24(c)). It reminds

litigants that "[c]ompliance with these requirements is mandatory. There is no ambiguity concerning Rule 24(c)'s requirements." (*Id.*) The Court will not read in additional requirements without clear Supreme Court or in-circuit precedent to do so.

## V. CONCLUSION

Accordingly,

**IT IS ORDERED** that the *Motion to Dismiss Pursuant to Rule 4(m)* (Doc. 158) filed by Defendant Geico Casualty Company is **DENIED**. Defendant Geico has not shown any reason that service for a motion to intervene must be filed pursuant to Rule 4 of the Federal Rules of Civil Procedure rather than Rules 24 and 5, nor any failure on Intervenor Medical Management's part to execute service as required pursuant to Rule 5.

Signed in Baton Rouge, Louisiana, on February 5, 2025.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**